# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE PAUL JIM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MATTHEW CATE, Secretary, et al.,<br><br>　　　　　Respondents. | 1:13-cv-00617 GSA HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

　　　　Petitioner filed the instant federal petition for writ of habeas corpus in this Court on April 29, 2013. Petitioner challenges an institutional classification hearing held on November 12, 2010, wherein Petitioner was validated as an associate of the Northern Structure prison gang. As a result, he was assigned to the secured housing unit ("SHU").

　　　　Petitioner submits that he has sought review for his claims in the Kern County Superior Court, California Court of Appeal, Fifth Appellate District, and the California Supreme Court. The state petitions were denied.

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Subject Matter Jurisdiction

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge "legality of duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of prison life but not the fact or length of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  "[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir.2003).

In this case, Petitioner claims he has been validated as a member of the Northern Structure gang in violation of his due process rights.  He alleges that as a result of his gang validation he has been placed in the SHU.  Although the indefinite detention of an inmate in administrative segregation may implicate a state-created liberty interest protected by the Fourteenth Amendment's right to due process, see Sandin v. Conner, 515 U.S. 472, 484 (1995), Wilkinson v. Austin, 545 U.S. 209, 223-25 (2005), Petitioner's detention is not indefinite.  As stated in the decision of the Kern County Superior

Court, Petitioner's confinement is subject to frequent reviews, and Petitioner may obtain release to the general population if he opts to debrief or become inactive. (Petition, Ex. I.) Ultimately, Petitioner's challenge concerns the conditions of prison life rather than the length or duration of his confinement, and are therefore not cognizable in federal habeas corpus. McCarthy, 500 U.S. at 141-42. Success on the merits in this case would not shorten his prison term in any respect. It could only affect the conditions of his confinement. Therefore, the case does not lie at the core of habeas corpus. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); Ramirez, 334 F.3d at 852, 858. Accordingly, habeas jurisdiction does not lie in this case. Ramirez, 334 F.3d at 859.

Since Petitioner's challenge to his classification as a validated gang member concerns the conditions of confinement, he must bring his claims by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. The instant petition must be dismissed for lack of jurisdiction.

C.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;
2. The Clerk of Court is DIRECTED to enter judgment and close the case;
3. The Clerk of Court is DIRECTED to provide Petitioner with a blank civil rights form; and
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **May 21, 2013**            **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE